UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL D.,[1]

                                      Plaintiff,          Case # 20-CV-6619-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
_____

## INTRODUCTION

In October 2017, Plaintiff Rachel D. protectively filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), alleging disability beginning on February 1, 2013, due to multiple physical and mental impairments. Tr.[2] 10, 169, 197. The Social Security Administration ("SSA") denied her claim, Tr. 98, and Plaintiff filed a timely request for a hearing. Tr. 107.

Plaintiff appeared and testified at a hearing before Administrative Law Judge Kenneth Theurer (the "ALJ") on August 12, 2019. Tr. 29-68. The ALJ issued an unfavorable decision on September 23, 2019. Tr. 10-23. Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3]  ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 17. For the reasons that follow, Plaintiff's motion is GRANTED,

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos 11, 11-1.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education,

2

and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 16, 2017, the application date. Tr. 12. At step two, the ALJ concluded that Plaintiff had the following severe impairments: migraines, vertigo, osteoarthritis, post-surgery left first metacarpal phalangeal joint, obesity, and impingement of the shoulder. Tr. 13-15.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 15-16. Next, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a),[4] except, *inter alia*, that she could occasionally lift and carry ten pounds, sit for up to six hours, stand or walk for approximately two hours with normal breaks, and occasionally feel with the left-dominant hand. Tr. 16-20.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 20. At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform—such as a charge account clerk, addresser, and call out operator—and therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 21-22.

---

[4] Sedentary work is defined in the regulations as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

**II.     Analysis**

Plaintiff argues that (1) the ALJ failed to properly address consultative evaluator Justine Magurno, M.D.'s opinion that Plaintiff's wheeled walker was medically necessary, and (2) the ALJ failed to properly evaluate the opinion from Plaintiff's treating physician. ECF No. 15. Because the Court agrees with Plaintiff's first argument, it declines to address her remaining argument.

The regulations require that once medical need for an assistive device has been established, the ALJ must incorporate that device into the RFC. SSR 96-9P, 1996 WL 374185 (1996). The parties dispute whether Plaintiff's wheeled walker was medically necessary. To be sure, the state agency examiner S. Stradley, D.O., opined that it was not. Tr. 79. On December 18, 2017, consultative evaluator Dr. Magurno also opined that Plaintiff's walker was not medically necessary. Tr. 1566-71. In his decision, the ALJ correctly acknowledged that both doctors determined that the walker was not medically necessary. Tr. 19-20.

However, in an opinion from July 13, 2018, several months after Plaintiff was involved in a motor vehicle accident, Dr. Magurno reversed course and determined that Plaintiff's walker *was* medically necessary. In that opinion, Dr. Magurno noted that Plaintiff "continues to have episodes and she is having one now. . . . She can feel it coming on and sit [sic] before she falls. . . . The episodes may last anywhere from five minutes to a couple hours." Tr. 1295. Dr. Magurno indicated that "[a]t the beginning of the episode, she wobbles and then finds somewhere to sit. She has a wheeled walker so she can sit quickly with these episodes." Tr. 1295. Dr. Magurno attributed these episodes to the concussion Plaintiff endured during her motor vehicle accident in March 2018. Tr. 1295. Dr. Magurno concluded that, in her opinion, the wheeled walker "is necessary for her vertigo." Tr. 1297.

The ALJ found that Dr. Magurno's July 2018 opinion was "persuasive and consistent with the objective evidence." Tr. 20.  Yet the decision fails to mention Dr. Magurno's opinion with respect to Plaintiff's wheeled walker.  In a *post hoc* rationalization, the Commissioner argues that the ALJ's oversight is irrelevant because the ALJ addressed Dr. Magurno's earlier opinion, which found that the walker was not necessary. *Alazawi v. Comm'r of Soc. Sec.*, No. 18-CV-00633, 2019 WL 4183910, at *4 (W.D.N.Y. Sept. 4, 2019) ("This court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." (quoting another source)).

To the contrary, that Dr. Magurno had changed her mind following Plaintiff's motor vehicle accident makes it more striking that the ALJ ignored the new opinion.  Indeed, the ALJ should have addressed Dr. Magurno's July 2018 opinion that the walker was necessary precisely *because* the ALJ chose to credit an earlier opinion concluding the opposite.  Either the ALJ overlooked Dr. Magurno's opinion with respect to the walker, or he intended to discount that portion of the opinion.  Because the ALJ seemingly credited all of Dr. Magurno's opinion but failed to address the walker, the Court is unable to determine which approach the ALJ intended.

The ALJ's error is not harmless because if the walker was medically necessary, the ALJ should have incorporated it into the RFC.  For example, in *Feringa v. Comm'r of Soc. Sec.*, No. 15-cv-785, 2016 WL 5417403 (N.D.N.Y. Sept. 9, 2016), the court remanded where a cane was approved by medical providers and the consultative evaluator, but the ALJ's RFC did not reflect the additional limitations someone with a cane may have.  The Court explained:

> The ALJ's RFC appears to take into account, in part, the fact that plaintiff uses a cane insofar as he was to avoid climbing scaffolds, ropes, and ladders, and must have a sit/stand option.  However, the RFC does not address additional possible limitations that arise for someone who requires the aid of a cane when ambulating, such as how use of a cane in one's dominant hand may impact his ability to complete some of the duties of light work, such as the ability to carry items

5

weighing up to twenty pounds with one hand while using a cane in the other, and whether the need to use a cane in general could result in additional limitations on light work.

*Id.* at *7.

The ALJ here failed to engage in this analysis. Nowhere does the ALJ address additional possible limitations that may arise from Plaintiff's use of a wheeled walker. *See Vanever v. Berryhill*, No. 16-CV-1034, 2018 WL 4266058, at *2 (W.D.N.Y. Sept. 6, 2018) ("This error was not harmless. Once medical need for an assistive device has been established, the ALJ must incorporate that device into the RFC."). Accordingly, remand is required to evaluate whether the wheeled walker was medically necessary.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 14, is GRANTED, the Commissioner's motion for judgment on the pleading, ECF No. 17, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 9, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York